Stuart Price, Esq. (SBN:150439)
Price Law Group, APC
15760 Ventura Boulevard, Suite 800
Encino, CA 91436
Tel: 818-205-2466
Stuart@pricelawgroup.com
Attorney for Plaintiff,
Jess Whisenhunt

**UNITED STATES DISTRICT COURT**
**CENTAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| JESS WHISENHUNT,<br><br>          Plaintiff,<br><br>   vs.<br><br>CHASE RECEIVABLES,<br><br>          Defendant. | **Case No.:**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692 et seq.** |

## I.     INTRODUCTION

1.     Jess Whisenhunt ("Plaintiff") bring this action against Chase Receivables ("Defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et. seq., which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts, as well as for illegal invasions of Plaintiff's privacy.

## II.     JURISDICTION

2.     Jurisdiction of this court arises under 15 U.S.C. § 1692k(d).

3.     Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

4. Venue and personal jurisdiction in this District are proper because Plaintiff resides in this District, Defendant's collection communications were received by Plaintiff within this District and Defendant does or transacts business within this District.

### III.   PARTIES

5. Plaintiff is a natural person residing in Riverside County, California.

6. Plaintiff is a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing from such person. Thus, Plaintiff is a "debtor" as defined by the FDCPA 15 U.S.C. §1692a.

7. Defendant is located in Sonoma, California and regularly transacts business throughout the United States. This Defendant may be served with process through headquarters at 1247 Broadway, Sonoma CA 95476.

8. In the ordinary course of business, regularly, on behalf of itself or others, Defendant engages in debt collection. Thus, Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

9. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

10. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

11. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

12. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

13. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

14. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtor bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

15. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

16. Plaintiffs will seek leave to amend this Complaint to add Defendants as soon as it reasonably learns of them.

### IV.   FACTUAL ALLEGATIONS

17. On or about May 29, 2015 Plaintiff received a dunning letter from Defendant collecting on a debt allegedly owed to Montgomery Wards- DMS.  The creditor account number assigned to this account as 998487342290. *See copy of dunning letter attached as Exhibit A.*

18. Upon information and belief, Plaintiff has did not open an account with Montgomery Wards-DMS.

19. Plaintiff's son, James Preston Whisenhunt, owed an alleged debt to Montgomery Wards.

20. On or about November 25, 2013, James Preston Whisenhunt received a dunning letter from Montgomery Wards, account number 9984873422290. *See copy of dunning letter attached as Exhibit B.*

21. Upon information and belief, Plaintiff was not a co-signer on the Montgomery Wards account.

22. Upon information and belief, Plaintiff was not an authorized user on the Montgomery Wards account.

23. On July 6, 2015, James Preston Whisenhunt filed for Chapter 7 bankruptcy and assigned Case No. 6:15-bk-16770-MH.

24. James Preston Whisenhunt included Montgomery Ward account number 9984873422290 in the list of creditors.

26.    On or about June 5, 2015, James Preston Whisenhunt contacted Defendant and informed a representative that his father, Plaintiff, received a collection letter for an account that was not his. Defendant stated that their collection activity would continue.

## V.    CAUSE OF ACTION

### COUNT I

**DEFENDNAT VIOLATED THE FAIR DEBT COLLECTION PRACTES ACT**

27.    Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

28.    Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, the following:

(a)    Defendant violated the FDCPA by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

(i)    Defendant violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the character, amount or legal status of any debt;

(ii)    Defendant violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

(iii)    Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt.

29.    Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

30.    As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and attorney's fees and costs.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jess Whisenhunt respectfully requests that judgment be entered against Defendant for the following:

(a) Declaratory judgment that Defendant violated the FDCPA; and

(b) Actual Damages pursuant to 15 U.S.C. 1692k(a)(1); and

(c) Statutory damages of $1,000.00 pursuant to 15 U.S.C. 1692k; and

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(3)

(e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

(f) For such other and further relief as the Court may deem just and proper.

### VII.  **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: November 4, 2015          By:/s/ *Stuart Price*
                                     Stuart Price, Esq.
                                     15760 Ventura Boulevard
                                     Suite 800
                                     Encino, CA 91436
                                     Tel: 818-205-2466
                                     Stuart@pricelawgroup.com
                                     Attorney for Plaintiff,
                                     Jess Whisenhut